UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Xavier N. Miguel, #329103, | ) | C/A No. 9:13-374-JMC-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| Levern Cohen, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, proceeding *pro se*, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1213, and other habeas corpus statutes.

A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case; *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); and when a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.,* 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in federal district court. *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 390-91 (4th Cir. 1990). Such is the case here.



Background and Discussion

With respect to his conviction and sentence, a petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973)(exhaustion required under 28 U.S.C. § 2241). Further, subsection (d) of § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner pled guilty to Assault with Intent to Kill and Common Law Robbery on June 18, 2008 in Richland County. ECF No. 1 at 1. His direct appeal was dismissed October 29, 2008. ECF No. 1 at 2. Therefore, the date his judgment became final was November 8, 2008. *See* South Carolina Court Rules, Rule 203(b)(2) Time for Service, Appeals From the Court of General Sessions and Rule 263 (time computation). Petitioner then waited more than three months after this judgment became final to file an application for post-conviction relief (APCR) on February 25, 2009.

Petitioner's application was dismissed on August 25, 2010; ECF No. 1 at 3., and the South Carolina Supreme Court denied certiorari on February 23, 2012. ECF No. 1 at 8. This instant petition was then filed in this Court nearly a year later, on February 11, 2013, challenging his conviction and sentence based on ineffective assistance of counsel. Therefore, more than one year and three months of untolled time passed after the judgment became final before Petitioner filed this federal habeas petition, well outside the deadline set forth in § 2244(d).

The United States Supreme Court has acknowledged that district courts are "permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006)(carving out habeas corpus petitions and *in forma pauperis* complaints as narrow circumstances to permit *sua sponte* consideration of statute of limitations when defense is clear on face of petition or complaint). However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Id.* Similarly, the United States Court of Appeals for the Fourth Circuit has mandated caution in *sua sponte* dismissals of untimely petitions under the AEDPA:

> [W]hen a federal habeas court, acting sua sponte, dismisses a § 2254 action as untimely without notice to or input from the petitioner, the court cannot be certain that there are no circumstances that would cause the petition to be timely. The district court ought at least to inquire whether there are any facts not apparent to the court that militate against the application of the limitations bar.

*McMillan v. Jarvis*, 332 F3d 244, 249 (4th Cir. 2003); *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002).

The standard habeas petition form (AO-241) requests information in Question #18 pertaining to the timeliness of the petition, as follows: "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. §



3

2244(d) does not par your petition." The footnote to the question provides the text of § 2244(d). However, Petitioner did not give any reason his case should be equitably tolled in response to Question # 18 of his petition, instead stating "Petitioner who is a state prisoner had to exhaust the state court remedies first." ECF No. 1 at 13. Further, in order to provide the "fair notice" required by *McMillan* and *Hill,* Petitioner was twice given opportunities by orders of the undersigned dated February 26, 2013, and April 17, 2013, to show cause why his case should not be dismissed on timeliness grounds. Petitioner was instructed to address not only the delay in the filing of his APCR, but was told that he must also explain the lapse of nearly one year between exhausting his state remedies and the filing for habeas relief with this Court.

Petitioner has replied to the orders to show cause, but has not provided this Court with information sufficient to support an equitable tolling of the limitations period.[1] In his reply to the order, Petitioner complains that the delay of over three months after the judgment became final before filing his PCR application was the fault of his attorney, who did not timely provide him with the discovery materials he felt he needed to file the application. ECF No. 22. He further complains that "I was not advise (sic) properly by my lawyers of a one year limitation on the habeas corpus. So I had no knowledge of this . . ." ECF No. 22. However, it is a long-established rule that "ignorance of the law is no excuse." *See Marrero Morales v. Bull Steamship Company*, 279 F.2d 299 (1st Cir. 1960)(principle is equally applicable to ignorance of substantive rights and procedural issues); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)(refusing to apply

---

[1] Petitioner could be entitled to equitable tolling of the statute of limitations if he were to present facts of "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

4

equitable tolling where the delay in filing was the result of Plaintiff's unfamiliarity with the legal process or his lack of representation). Further, Petitioner makes no compelling argument that this ignorance was outside of his control. *Holland v. Florida*, 130 S.Ct. 2549, 2552-2554, 2560-2562 (2010) ("'Petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."])quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

In an unpublished case, the Fourth Circuit found extraordinary circumstances existed when a clerk of court erroneously failed to place an otherwise timely § 2254 petition on the docket, thus rendering it untimely. *Parmaei v. Jackson*, 378 Fed. Appx. 331 (4th Cir. 2010). However, in that case the petitioner had made every effort to timely file his petition and was impeded only by circumstances outside of his control; therefore, the Fourth Circuit found the limitations period was equitably tolled. *Parmaei*, 378 Fed. Appx. at 332. No similar argument or facts supporting such relief has been presented in this case. Petitioner has made no argument that his failure to pursue habeas relief was due to extraordinary circumstances or to some circumstance beyond his control, and in fact has provided no explanation of what kept him from filing a habeas case in this Court after the South Carolina Supreme Court denied certiorari February 23, 2012.

In light of the absence of any extraordinary circumstances beyond Petitioner's control that would militate in favor of equitably tolling the limitations period, the instant petition should be dismissed as untimely.



5

## Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

_____
Bristow Marchant
United States Magistrate Judge

June 12, 2013
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

